Chas. Schaefer & Son, Inc. v. Commissioner.
Chas. Schaefer & Son v. Commissioner
Docket No. 24160.
United States Tax Court
1950 Tax Ct. Memo LEXIS 37; 9 T.C.M. (CCH) 1035; T.C.M. (RIA) 50276; November 21, 1950
Martin M. Lore, Esq., for the petitioner. Maurice S. Bush, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in income tax of $10,249 and one in declared value excess-profits tax of $3,884.42 against the petitioner for 1944. The only issue for decision is whether the petitioner is entitled to a deduction of $21,000 for 1944 representing interest on 7 per cent income notes. Findings of Fact The petitioner is a New York corporation which filed its returns for 1944 with the collector of internal revenue for the first district of New York. The petitioner is engaged in business as a wholesaler dealing in hay, grain, flour and salt. The business was originated by Charles Schaefer in 1883 and was operated by him until *38 his death in 1919. He authorized his executors to continue the business and they actually continued the business until December 31, 1934. The heirs of Charles Schaefer living in 1934 were his four children, Charles, Jr., Fred W., Louise A., and Lena. The married name of the latter is Eccardt. These four persons, after consultations and upon advice of counsel, decided that the administration of the estate should be terminated, a New York corporation should be organized to operate the part of the business conducted in New York, and a New Jersey corporation should be organized to operate the part of the business conducted in New Jersey. The petitioner was organized to conduct the New York portion of the business and the four children transferred, in equal proportions, assets of that business to the petitioner on December 31, 1934. The petitioner, for those assets, issued to each of the children, 50 shares of its no par value common stock and one of its 7 per cent income notes in the face amount of $75,000. A New Jersey corporation was formed on January 2, 1935 and the four persons transferred all of their stock in the petitioner to that corporation in exchange for all of its stock. *39 The transactions between the four children of Charles Schaefer and the petitioner are shown in the books of the petitioner as follows: Dr. - Estate of Chas. Schaefer, trading as Chas. Schaefer & Son
$386,437.14
Cr. - 7% Income Notes 12/31/84
$300,000.00
Capital Stock Issued
86,437.14
To record the issuances of $300,000.00 of 7% Income Notes and 200 shares of No Par Value of Capital Stock stated value $86,437.14 in payment of the purchase of certain assets less Reserves and assuming certain liabilities from Estate of Chas. Schaefer trading as Chas. Schaefer & Son. The value of the assets transferred to the petitioner was in excess of $400,000 on December 31, 1934. Each of the 7 per cent income notes was signed by Charles, as president of the petitioner, by Louise, as secretary, and sealed with the corporate seal of the petitioner. Each evidences the promise of the petitioner to pay to the person named "or order" the sum of $75,000 on January 1, 1985. Interest was to be paid on December 31, 1935 and annually thereafter on the 31st day of December "at a rate not to exceed 7% per annum out of the income of the Corporation during the preceding twelve *40 (12) months period, as and when declared by the Board of Directors. The Board of Directors shall declare interest payable when and as the net income of the Corporation will permit." Unpaid interest was to accumulate and any cumulative interest which was not declared payable on any interest date was to be paid thereafter whenever the net profits would permit. Accumulations of interest were not to bear interest. All accumulated interest, whether theretofore declared payable or not, was to be paid whenever the principal of the note became due. The note was subject to redemption at any time at the option of the petitioner or any interest date, at par, together with all unpaid accumulated interest. One-half of the principal of each note was paid on March 9, 1946. The four 7 per cent income notes have remained the property of the four children to whom they were issued from the date of their execution until the date of the hearing in this case. The outstanding stock of the petitioner, at all times material hereto, has consisted of the 200 shares issued as above described. The Board of Directors of the petitioner, at all times material hereto, has consisted of the four stockholders, but *41 Louise and Lena have left the management of the business entirely to their two brothers who have managed the business since the death of their father in 1919. The books and records of the petitioner show losses or profits, amounts paid on the 7 per cent income notes, interest paid on individual loans, and dividends as follows: Individual
Income Notes
Loans
Dividends lYear
Loss
Profit
(Alleged Interest)
Interest 4%
Paid
1935
$ 679.27
3%
$ 9,000.00
$4,933.79
1936
$ 228.48
3,638.15
$2,200.00
1937
13,992.31
3,710.52
1938
3,877.42
3,430.94
1939
247.79
4%
12,000.00
3,281.35
1940
4,321.47
3%
9,000.00
3,725.64
1941
* 7,374.04
3,790.27
1942
* 3,554.83
3,684.87
1943
* 3,603.87
7%
21,000.00
3,883.17
The Board of Directors, at a meeting held on December 31, 1944, adopted a resolution to declare and pay 7 per cent interest for the year ending December 31, 1944 on the income notes issued by the corporation in the total amount of $300,000. The *42 petitioner's income tax returns were prepared upon an accrual basis of accounting. The petitioner, on its returns for 1944, deducted $21,000 representing interest on the 7 per cent income notes. The Commissioner, in determining the deficiency, disallowed that deduction without any explanation, and determined the net income to be $42,503.27. All facts stipulated by the parties are incorporated herein by this reference. Opinion MURDOCK, Judge: The only question in this case is whether the $21,000 which the petitioner authorized and paid on the 7 per cent income notes for 1944 is deductible as interest on indebtedness. Section 23(b). The Commissioner contends that the amount is not deductible because the so-called notes did not represent an indebtedness but, on the contrary, represented a proprietary interest in the business. The parties recognize that decision of the issue requires consideration of the provisions of the instrument and the surrounding circumstances. The respondent argues that tax-saving motives prompted the various acts of the parties, but the evidence does not bear out that contention, although the close relationship of the parties has not been overlooked. *43 The petitioner was formed for valid business reasons. It issued the notes in question in partial payment for valuable assets transferred to it. The notes were devised by counsel in order to satisfy the two sisters who took no part in the management of the business and who wanted a part of their interest in the business represented by something other than common stock. The transaction was not lacking in substance. Each note was for a definite amount, had a definite maturity date, and had a definite obligor and obligee. Both principal and interest were ultimately unconditionally payable. The instruments were in the form of notes, were called notes, were intended to be notes, and were always treated as notes by the parties. A substantial part of the investment in the petitioner was represented by stock. The notes were unsecured and ranked with claims of general creditors. The notes were transferable. They did not have to be paid until 50 years had elapsed but they could be paid sooner. The time of maturity, while distant, was not unreasonable under the circumstances. The payment of interest currently was made to depend upon earnings, but they could nevertheless be notes. Cf. ; *44 ; . The Board of Directors was required to declare interest payable when and as the net income of the corporation would permit. Unpaid interest was cumulative and had to be paid eventually. There is nothing about the instruments which is inconsistent with notes. The above and other features of the notes and of the evidence have been carefully considered and the conclusion has been reached that the 7 per cent income notes must be regarded as evidence of indebtedness and the interest thereon as interest on indebtedness. Cf. ; John Kelley Co. v. Commis sioner, supra. Decision will be entered under Rule 50. Footnotes
*. Corrected by Revenue Agent's Report to: ↩
1941
$5,639.86
1942
9,833.95
1943
4,100.81